UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL LEE BAKER, ) | |
| ) | No. CV-10-357-JPH |
| Plaintiff, ) | |
| ) | ORDER GRANTING DEFENDANT'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without argument on March 9, 2012 (ECF Nos. 17, 20). Attorney Jeffrey Schwab represents Plaintiff; Special Assistant United States Attorney Michael S. Howard represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 7). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment, **ECF No. 20**.

**JURISDICTION**

Plaintiff protectively applied for disability insurance benefits (DIB) and supplemental security income (SSI) on October 22, 2007, alleging disability since January 15, 2007, due to back, leg, and hip problems (Tr. 114-116, 119-122, 125, 142). Both applications were denied initially and on reconsideration (Tr. 74-

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                                    - 1 -

81).

Administrative Law Judge (ALJ) Michael S. Hertzig held a hearing on October 14, 2009. Plaintiff, represented by counsel, and a vocational expert testified (Tr. 32-69). The ALJ issued a decision on December 16, 2009, finding Plaintiff can perform past work (Tr. 22-29). Because he found Plaintiff can do past work, she is not disabled as defined by the Act (Tr. 29). On August 17, 2010, the Appeals Council denied review (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 14, 2010 (ECF Nos. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are briefly summarized here.

Ms. Baker was 32 years old at onset and 34 at the hearing (Tr. 38). She completed the eleventh grade. At the time of the hearing, she had been enrolled in college for two and a half years. She was working to obtain her GED, an associate's of arts and sciences degree, and a two-year technical degree in criminal justice. Her grade point average is 3.7. She is married and has four children, ages 5 through 17 (Tr. 38-39, 46, 51-53). She has worked as a waitress and cashier (Tr.

Reported activities include attending college three to five days a week and doing college homework. Plaintiff drives, does laundry, cooks (without standing for prolonged periods), helps her children get ready for school, puts them on the school bus and

1  meets them after school, and shops. She vacuums and washes dishes.
2  Three times a week she visits friends at their home or hers (Tr.
3  38, 45, 62-63, 150-154, 191-196).
4      She testified she suffers from back pain and takes prescribed
5  pain medication. Lifting heavy objects causes leg pain and her
6  "hips to go out." She experiences sleep problems. She can walk one
7  to two blocks, sit 20-30 minutes, and stand 15 minutes. Plaintiff
8  testified she cannot lift anything heavier than five pounds.
9  During college classes she is permitted to get up and walk around
10 as needed (Tr. 48, 50, 57, 125). Plaintiff estimated she missed
11 about ten classes a month due to pain or medication side effects
12 (Tr. 59). At least one day a week she needs to stay in bed due to
13 pain (Tr. 61). She lays down for 20 minutes at least five times a
14 day (Tr. 64).

## SEQUENTIAL EVALUATION PROCESS

16     The Social Security Act (the Act) defines disability as the
17 "inability to engage in any substantial gainful activity by reason
18 of any medically determinable physical or mental impairment which
19 can be expected to result in death or which has lasted or can be
20 expected to last for a continuous period of not less than twelve
21 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also
22 provides that a Plaintiff shall be determined to be under a
23 disability only if any impairments are of such severity that a
24 plaintiff is not only unable to do previous work but cannot,
25 considering plaintiff's age, education and work experiences,
26 engage in any other substantial gainful work which exists in the
27 national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus,
28 the definition of disability consists of both medical and

vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other

work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir.1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v.*

*Sullivan*, 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir.1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir.1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.1987).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff earned $11,528.39

working as a waitress[1] in 2008. Nonetheless, he "set aside the SGA issue" and went on to the next step of the sequential evaluation (Tr. 24).

After finding in Plaintiff's favor at step one, at step two the ALJ found she suffers from the severe impairments of degenerative disc disease of the lumbar spine and status post right knee arthroscopy (Tr. 25). At step three, he found that although Plaintiff's impairments are severe, they do not alone or combination meet or medically equal a Listed impairment (Tr. 25). The ALJ found Plaintiff less than completely credible, a finding unchallenged on appeal (Tr. 26). At step four he found she can do her past work as a waitress and cashier (Tr. 29). Because the ALJ found Plaintiff can perform her past relevant work, she is not disabled as defined by the Social Security Act (Tr. 29).

**ISSUES**

Plaintiff alleges error at step one. She asks the Court to remand to further develop the record, specifically, to establish the exact dates she worked in 2008. Second, she alleges the ALJ should have found her impairments meet or equal Listings 1.04A (spinal disorder) or 1.02A (weight-bearing joint dysfunction), or both (ECF No. 18 at 4-8). The Commissioner answers that the ALJ found in Plaintiff's favor at step one, meaning no issue is presented on appeal. He further answers that at step three, Plaintiff is estopped from arguing on appeal that her conditions

---

[1] At the end of the hearing the ALJ notes Plaintiff's attorney will "secure some information from your former employer and your current college" (Tr. 69). The record contains a few college attendance notes (Tr. 225-227) and letter from the employer containing no dates (Tr. 228).

1  meets or equal a Listing because she alleged at the hearing that
2  this is a step five case (ECF No. 21 at 2, 8-13).

**DISCUSSION**

**A. Step one**

On appeal Plaintiff alleges the case should be remanded to clarify at step one the specific dates she worked in 2008 (ECF No. 18 at 4-5):

"Clearly, Ms. Baker earned over the SGA minimum for 2008. However, the question remains whether she earned this money as part of a trial work period, or whether it is merely evidence of non-disability. It appears that the record is not clear on this point and remand would be appropriate."

(ECF No. 18 at 5).

As the Commissioner correctly points out, the ALJ found in Plaintiff's favor at step one, meaning she fails to raise an appealable issue (ECF No. 21 at 9). *See e.g. Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir.2005)(plaintiff is not prejudiced when the ALJ resolves a step in plaintiff's favor).

**B. Step Three**

Next, Plaintiff alleges she meets or equals two of the Listed impairments (ECF No. 18 at 5-8).

The Commissioner responds that because Plaintiff waived this argument at the hearing, she is estopped from asserting it on appeal (ECF No. 21 at 9-11).

The Commissioner is correct.

The following exchange occurred at the hearing:

ALJ:  So you're claiming a listing?
ATTY: Well, Your Honor, you know, it seems to be a more
      intermittent finding so I don't know that we can get to

```
                a listing.
        ALJ:    Okay.
        ATTY:   If, if it had been persistent then I would say yes,
                but, but I don't think that's the case. Dr. Farah, in
                fact concluded that she is not a surgical candidate.
                That's at 1F . . .
        ALJ:    -- if it's not a listing and obviously not a grid rule-
        ATTY:   Right.
        ALJ:    -what is your ground?
        ATTY:   Well, I'm looking at step five, Your Honor.
```
(Tr. 35-36).

An argument not raised below may be deemed waived. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1007 (9th Cir. 2006)(Plaintiff argued to the Commissioner her condition was functionally equivalent to a listing, but failed to raise it in the district court; she waived the issue). *See also Edlund v. Massanari*, 253 F.3d 1152, 1158 n. 7(9th Cir.2001)(issues raised for the first time on appeal are waived and will not be considered).

Even assuming that the issue is preserved, Plaintiff's assertion is without merit. Plaintiff bears the burden of establishing a condition or conditions meet or equal a listing. In *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), the Court stated

> "The district court correctly explained that Burch 'bears the burden of proving that ... she has an impairment that meets or equals the criteria of an impairment listed in appendix 1 of the Commissioner's regulations.'"

To meet or equal Listing 1.04A, a claimant must provide evidence of nerve root compression, characterized by:

> "neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg rasing (sitting and standing)."

20 C.F.R. pt. 404, subpart P, app. 1, § 1.04A.

The ALJ considered the issue and found Plaintiff's condition does not meet or equal a listed impairment. He specifically considered listings 1.00, 11.00, and 12.00 (Tr. 25). The ALJ observes the medical evidence alone does not meet the requirements of the listings, including "specific signs, symptoms and laboratory findings along with severe deficits in function" (Tr. 25).

The ALJ is correct. Plaintiff fails to present any evidence of muscle atrophy or weakness, as the Commissioner notes. This is one of several deficiencies (ECF No. 21 at 11). Plaintiff relies on several positive straight leg raising tests performed by a treating physician's assistant. These tests are noted on exams in January and April of 2007 (Tr. 234-237). Other test results are inconsistent. *See e.g.*, Tr. 237.

Treating physician Edward Farrar, M.D., found no evidence of nerve root compression during an examination on May 7, 2007. He observed Plaintiff "has not yet made it into physical therapy," and is significantly overweight and deconditioned. The neurologic exam in Plaintiff's lower extremities is "completely intact," distal pulses are intact, and there is no radicular pattern at all. He opined Plaintiff's disc herniation is not significant enough to warrant surgical decompression and recommended injections and physical therapy  (Tr. 240-241).

Plaintiff fails to establish that her condition meets or equals Listing 1.04A.

Last, Plaintiff alleges she meets or equals Listing 1.02A, requiring that a major peripheral weight-bearing joint, such as a knee, renders a person unable to walk effectively. 20 C.F.R. pt.

404, subpart P, app. 1, § 1.02A.

Plaintiff fails to show that her walking limitation after knee surgery in July 2009 (Tr. 287, 303, 309-310, 319-320) constituted an "extreme" limitation for any significant time period, as required by this listing. And, as the Commissioner observes, Plaintiff's ability to mow the lawn and perform many other activities is inconsistent with the severe functional limitations described in the listing (ECF No. 21 at 13-14, Tr. 279).

A claimant for social security benefits carries the burden of proving she is disabled. 42 U.S.C. § 423(d)(5)(A); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir.2009). Plaintiff fails to show her condition meets or is functionally equivalent to Listing 1.02A. Her step three claims are plainly without merit.

The trier of fact, and not the reviewing court, must resolve conflicts in the evidence and, if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir.2005).

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court finds the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 20)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 17)** is

**DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** the file.

DATED this 5th day of March, 2011.

<u>s/ James P. Hutton</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
